IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 27 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| ROBERT CLAYTON CAUDELL, ) | |
| Plaintiff, ) | |
| ) | Case Nos.   7:04CV00557 |
| v. ) | 7:04CV00558 |
| ) | |
| COUNSELOR ROSE, et al., ) | By:   Michael F. Urbanski |
| Defendants. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Robert Clayton Caudell, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. For the reasons outlined below, it is the recommendation of the undersigned that defendants' motion for summary judgment be granted and this case stricken from the active docket of the court.

I

Plaintiff's complaint alleges two violations of his constitutional rights. First, plaintiff contends that Officer Mullins put shackles on plaintiff too tightly and in doing so, caused an injury to his leg. Plaintiff alleges that this incident occurred on November 26, 2003 and that it resulted in one-half inch of skin being removed from his heel. Plaintiff claims that his attempts to grieve this matter were thwarted by a thirty-day deadline imposed by the prison.

An affidavit by F. Taylor, the grievance coordinator at Red Onion State Prison, provides the following. Plaintiff filed an informal grievance on the issue of leg irons being applied too tightly, and a response followed (Taylor Aff. ¶ 4, 5.) Plaintiff thereafter failed to file a regular grievance within the prison-specified time frame. Id. ¶ 11. Later, after a grievance was filed, the grievance department returned it to plaintiff indicating that his grievance was time-barred because it was filed outside the requisite thirty-day period. Id. Plaintiff claims he filed his

grievance within the time period – specifically on December 21, 2003 – but that the grievance department was then closed for the Christmas holidays. Prison officials dispute this contention and indicate that the grievance department was only closed for a half day on December 24, 25, and 26, and for a half-day on January 1 and 2, 2004. Id. ¶ 12. Regardless, Taylor indicates that plaintiff never appealed the decision finding his grievance time-barred to Level II, and that even if the plaintiff did not receive a response to his grievance, he should have still appealed to Level II, which he never did. Id. ¶ 9.

Second, plaintiff contends that on January 26, 2004, he gave Red Onion Counselor Rose an original copy of an arrest warrant for a trespassing charge supposed to be held in Portsmouth, Virginia Juvenile and Domestic Relations court from June 10, 1987. (Compl. at 3.) Plaintiff states that although he paid to have this document copied, that Counselor Rose both refused to return the document to him and refused to make copies of it. Id. Plaintiff contends that he was going to use the warrant in a civil case in the Norfolk division of the Eastern District of Virginia should an opposing attorney lie to the trial court. Id. Plaintiff contends that Rose's failure to return this document compromised his right of meaningful access to the courts. Id. Plaintiff claims that he was unable to fully grieve this matter because Counselor Rose untruthfully stated that he had attempted to return the document to plaintiff. Id. at 3-4. In response to plaintiff's allegations, Counselor Rose indicates that when first asked, he made copies of the document for plaintiff and that plaintiff refused to accept the copies when he attempted to give them to him.

## II

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Ordinarily, a prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings in order to withstand a motion for summary judgment by the defendants that is supported by affidavits containing a conflicting version of the facts. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979). Thus, a pro se plaintiff's failure to file an opposing affidavit is not always necessary to withstand summary judgment. While the court must construe factual allegations in the nonmoving party's favor and treat them as true, however, the court need not treat the complaint's legal conclusions at true. See, e.g., Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994); Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere conclusory allegations or denials of the pleadings. Rule 56(e). Instead, the non-moving party

must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Id. There are no significant factual disputes between the accounts of events presented by plaintiff and defendant. As such, it is appropriate to resolve this dispute on a motion for summary judgment.

## III

### A. Plaintiff's Excessive Force Claim.

Defendant Officer Mullins has moved for summary judgment alleging that plaintiff failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). In the Fourth Circuit, section 1997e(a) of the PLRA requires a prisoner to exhaust all available administrative remedies prior to filing an action under § 1983. Prisoners must not just initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. See Booth v. Churner, 532 U.S. 731, 740 (2001); Langford v. Couch, 50 F. Supp. 2d 544, 547 (E.D. Va. 1999).

Although plaintiff filed an informal grievance which was responded to, and claims that he filed a formal grievance which was not, plaintiff never appealed the denial of his grievance through all of the appropriate channels at the prison. As such, the language of 42 U.S.C. § 1997e(a) functions to deny the court the ability to provide plaintiff relief on this claim. Therefore, it is the recommendation of the undersigned that this claim be dismissed.

### B. Plaintiff's claim regarding Prison Official's Failure to Return Legal Papers.

#### 1. Plaintiff's Failure to Demonstrate Actual Prejudice.

Plaintiff's second claim alleges that he provided Counselor Rose with a copy of an arrest warrant from 1987 and requested that the Counselor run copies of the document for him. In an

4

affidavit and in all of the grievances provided by plaintiff to the court, Rose claims he tried to return the papers and plaintiff claims that he did not. Even though this presents a factual dispute that the court cannot at this time resolve, it is the recommendation of the undersigned that plaintiff's claim be dismissed because plaintiff has not specified any harm stemming from the alleged denial of papers in the suit to which he refers.

In Bounds v. Smith, 430 U.S. 817 (1997), the Supreme Court recognized that there is a right to reasonable access to the courts enjoyed by prisoners. This right has since been limited to actions in which "basic constitutional rights" are vindicated. See Lewis v. Casey, 518 U.S. 343, 354 (1996). To state a claim for such a violation, however, an inmate must show some interference with his right of access and must produce actual injury or specific harm to some litigation involving his constitutional rights. See generally id.; Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993).

At no place in the record has plaintiff provided any indication as to how Counselor Rose's alleged actions have prejudiced his Norfolk lawsuit. Plaintiff produces no evidence that the federal district court in Norfolk dismissed his claim based on the lack of photocopies of this aged arrest warrant or any other resulting prejudice. Because plaintiff demonstrates no actual prejudice arising form the alleged actions of Counselor Rose, the court is compelled by the holding of Lewis v. Casey to recommend the dismissal of this claim.

2. **Plaintiff's Failure to Allege Physical Injury.**

Further, because plaintiff alleges no physical injury arising out of this claim, his attempt to seek monetary recompense for it is barred. Section 1997e(e) of the Prison Litigation Reform Act of 1955 ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner

5

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, it is recommended that his claim for compensatory damages resulting the alleged seizure of plaintiff's document be dismissed. See Davis v. District of Columbia, 158 F.3d 1342 (D.C. Cir. 1998) (finding plaintiff's claims for compensatory and punitive damages barred by § 1997e(e)); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559 (W.D. Va. 2000) (same). Because plaintiff can allege no physical injury arising out of this incident, his attempt to receive monetary damages for it are barred.

    C.    **Conclusion**

In sum, there is no genuine issue of material fact as to either of plaintiff's claims. As to excessive force, it is undisputed that plaintiff did not complete the steps necessary for administrative exhaustion, and his failure to exhaust compels dismissal of the excessive force claim. As regards the claim that a prison counselor refused to copy an old warrant for use in an action pending in federal court in Norfolk, plaintiff has alleged no actual injury or specific harm to that lawsuit resulting from the alleged refusal to copy the warrant. As such, this claim too must be dismissed.

**IV**

The Clerk is directed to immediately transmit the record in this case to the Honorable Glen E. Conrad, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become

conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER**: This 27th day of May, 2005.

By: _____
Hon. Michael F. Urbanski
United States Magistrate Judge