IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 2 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| ROBERT CLAYTON CAUDELL, | ) |
| | ) Civil Action Nos. 7:04CV00557 |
| Plaintiff, | )                    7:04CV00558 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| COUNSELOR ROSE, et al., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Robert Clayton Caudell, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff originally filed two separate civil rights actions, however the two were consolidated by order of this court for purposes of consideration. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Michael F. Urbanski made in accordance with 28 U.S.C. § 636(b). Magistrate Judge Urbanski recommends granting the defendants' motion for summary judgment in regard to Caudell's claim for excessive force and his claim regarding a prison official's failure to return Caudell's legal papers in violation of plaintiff's right of access to the courts. The plaintiff has filed objections to the magistrate judge's recommendation with regard to his claim of denial of access to the courts. The plaintiff has also asserted that the magistrate judge failed to respond to an earlier objection he made to the magistrate judge's order granting defendants additional time to respond to his original complaint. For the reasons set forth below, the magistrate judge's recommendations are adopted in full, though with additional reasoning as stated below. The defendants' motion for summary judgment shall be granted as to both claims.

## BACKGROUND

As stated in the magistrate judge's Report and Recommendation, the plaintiff has asserted two separate violations of his constitutional rights. First, Caudell alleges that on November 26, 2003, Officer Mullins of the Red Onion State Prison came to his cell to escort him to the shower and that the officer put plaintiff's leg shackles on too tightly, removing one half inch of skin from his heel. On the same day, the plaintiff filed an emergency grievance which was reviewed and determined not to meet the definition of an emergency. Caudell eventually submitted a regular grievance dated December 21, 2003, which the prison's grievance coordinator alleges was not received by the grievance department until January 5, 2004. The inmate grievance procedure requires inmates to submit regular grievances within thirty days from the date of the occurrence or incident. In this case, the grievance department allegedly received the plaintiff's regular grievance after the thirty day deadline.

The plaintiff claims that he submitted the regular grievance on December 21, 2003, but that the grievance department was closed for the Christmas holidays. Prison officials assert that the grievance department was closed only for half a day on December 24, 2003, all day December 25, 2003, December 26, 2003, January 1, 2004 and January 2, 2004. As a result, the defendants claim, the grievance department was open for regular business hours at all other relevant times. The defendants also contend that, regardless of the timeliness of Caudell's regular grievance, the plaintiff failed to appeal the decision finding his grievance time-barred to Level II.

In his second claim, plaintiff alleges that on January 24, 2004, he gave Counselor Rose an original arrest warrant for a trespassing charge which had been nolle prossed on July 28, 1987 by

2

the Juvenile and Domestic Relations Court in Portsmouth, Virginia. Caudell claims that he asked Counselor Rose to make copies of the arrest warrant, but that Counselor Rose failed to make copies of the warrant and refused to return the original to him. Caudell further contends that he intended to use that document in a <u>habeas</u> proceeding in the Eastern District of Virginia and that Counselor Rose's failure to return the original document compromised his right of meaningful access to the courts. In his affidavit, Counselor Rose responds that Caudell provided him only with a copy of the arrest warrant and that, when he tried to give the plaintiff copies of the warrant, Caudell refused to take them and yelled obscenities at him. The defendants have filed a motion to dismiss, or in the alternative, for summary judgment with regard to both claims.

## **STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The recommendation has no presumptive weight, and this court retains the responsibility to make a final determination. <u>Id.</u> at 270-71. This court "shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As a result, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>

With regard to the defendants' motion for summary judgment, such a motion shall be granted if there are no "genuine issues as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. <u>Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.</u>, 763 F.2d 604, 610 (4th Cir. 1985).

3

# DISCUSSION

I. <u>Claim for Excessive Force</u>

Defendant Officer Mullins moved for summary judgment on the grounds that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[1] The magistrate judge found that, although plaintiff filed an informal grievance which was responded to and claims that he filed a formal grievance which was not, plaintiff never appealed the denial of his grievance through all of the appropriate channels at the prison. Therefore, the magistrate judge recommended that this claim be dismissed for want of exhaustion.

Caudell has not filed an objection to this finding, therefore the court will adopt the Report and Recommendation of the magistrate judge that plaintiff has failed to exhaust his claim for excessive force. This claim will be dismissed without prejudice. Caudell may refile his claim following full exhaustion of whatever remedies are now available. The court does note, however, that plaintiff's original formal grievance may have been time-barred and, in any case, the thirty day time limit for filing a regular grievance has now expired. Nevertheless, plaintiff must follow all the grievance procedures required by prison officials to the point of exhaustion of these administrative remedies. Only then might he have the opportunity to refile this § 1983 action. See <u>Lawrence v. Virginia Dep't of Corrections</u>, 308 F. Supp. 2d 709, 718 n.14 (E.D. Va. 2004).

---

[1] The statute provides that:
    No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. § 1997e(a).

4

II. <u>Claim for Denial of Meaningful Access to the Courts</u>

With regard to plaintiff's claim regarding a prison official's failure to return his legal papers, the magistrate judge recommended dismissing this claim on two grounds. First, the magistrate judge noted that plaintiff had failed to demonstrate actual prejudice. Second, the magistrate judge noted that plaintiff had failed to allege physical injury. Caudell has filed an objection to the finding that he failed to demonstrate actual prejudice. He did not object to the magistrate judge's second basis for dismissal of this claim, however.

With regard to plaintiff's claim of prejudice, Caudell contends that Counselor Rose's alleged failure to return the original arrest warrant left him unable to attempt to prove, in his <u>habeas</u> proceeding, that he is actually innocent of the first degree murder charge for which he was originally convicted in state court. The plaintiff has failed, however, to produce any evidence that he attempted to make this argument before the federal district court in Norfolk or that his attempt to advance this legal argument was in some way frustrated by his alleged inability to produce the arrest warrant. Without such evidence of actual prejudice, the court agrees with the magistrate judge's recommendation that this claim be dismissed. <u>See</u> <u>Strickler v. Waters</u>, 989 F.2d 1375, 1383 (4th Cir. 1993) (inmate must show some "specific injury or prejudice to his litigation"); <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996) (prisoner must show an actual injury). Because the plaintiff's claim for denial of meaningful access to the courts shall be dismissed based on of a lack of actual prejudice, the court finds it unnecessary to consider the magistrate judge's recommendation with regard to damages and plaintiff's failure to allege any physical injury.

5

Case 7:04-cv-00557-GEC-mfu   Document 24   Filed 06/22/05   Page 5 of 7   Pageid#: 174

### III. Claim that Magistrate Judge Failed to Rule on Plaintiff's Objections to Order Granting Extension of Time

In the court's order of December 19, 2004, the defendants were required to file their responsive pleadings within sixty days from the date of notice, or February 7, 2005. On February 7, 2005, the defendants filed a motion requesting additional time to respond to permit them to secure necessary affidavits and prepare their responsive pleadings. On February 11, 2005, the magistrate judge granted the defendants' motion and gave them an additional thirty days in which to respond.

On February 14, 2005, the plaintiff filed an objection to the court's order granting the defendants' request for additional time. The plaintiff stated that defendants had violated the court's original order by failing to respond within the sixty days required by that order and asserted that the defendants had failed to show good cause to justify any extension of time. The plaintiff repeated this objection in his memorandum in opposition to defendants' motion to dismiss, or in the alternative, for summary judgment. He again raises this issue in his objections to the magistrate judge's report and recommendations.

Federal Rule of Civil Procedure 6(b) permits a court, for cause shown, to extend the period in which a defendant must respond when that request is made before the expiration of the originally prescribed period. Fed. R. Civ. P. 6(b)(1). In this case, the defendants' request came before the original sixty day period had expired. The defendants' stated reason, to permit them a brief thirty day delay to obtain additional affidavits and formulate their response to plaintiff's complaint, constitutes adequate cause to justify the granting of an extension. Therefore, the plaintiff's objection is without merit.

6

## CONCLUSION

Accordingly, the Report and Recommendation is adopted with regard to both of the plaintiff's claims. The defendants' motion for summary judgment will be granted with regard to both claims. The Clerk of Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff and all counsel of record.

ENTER: This 22<sup>d</sup> day of June, 2005.

_____
United States District Judge